MARÍA DEL PILAR CASALDUC, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE UTUADO, recurrido.

Núm. 1219.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Diciembre 4, 1947.

G. *Zeno Sama*, abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Por segunda vez[1] se recurre ante este Tribunal en relación con una segunda nota puesta por el Registrador al inscribir la escritura número veintiséis otorgada en Utuado el 13 de marzo de 1947, ante el notario Gustavo Zeno Sama por doña Asunción María del Pilar Roselló y Casalduc a favor de doña María del Pilar Casalduc y Roselló sobre compraventa de un solar y dos condominios en ciertas fincas ubica-

---

[1] Véase *Casalduc* v. *Registrador*, ante, pág. 619.

das en la zona urbana de Utuado. La nota ahora recurrida dice así:

"Inscrita la presente escritura a los folios y tomos al margen de la descripción de cada finca con los defectos subsanables y reservas siguientes: en cuanto a la finca letra A con el defecto subsanable de no hacerse constar en el documento la colindancia 'Sur' de la finca; el condominio indiviso letra B, con la reserva de la cuota usufructuaria que en su día le pueda corresponder al cónyuge viudo supérstite don Juan Luis Rosselló Sintes y con el defecto subsanable de haberse puesto en la línea décima del párrafo tercero en la página dos la abreviatura 'doctor F. H. Carrasquillo' lo que está en contra de lo dispuesto en la Ley Notarial vigente, y el condominio indiviso letra C con los defectos subsanables de hacerse constar en el párrafo dos, primero y último de la página tres números en signos arábigos y la abreviatura 'doctor F. H. Carrasquillo' contrario a lo dispuesto en la Ley Notarial vigente y con la reserva de la cuota usufructuaria que en su día le pueda corresponder al cónyuge viudo supérstite don Juan Luis Rosselló Sintes. Utuado a 15 de agosto 1947."

Los llamados defectos subsanables señalados por el recurrido consisten, 1ro. en no hacerse constar en la escritura la colindancia Sur de la finca A; 2do. en no haberse hecho constar la reserva usufructuaria que en su día pueda corresponder al cónyuge viudo Sr. Roselló Sintes en las fincas A y C, y 3ro. en haberse usado las abreviaturas F. H. del mencionado doctor Carrasquillo en las fincas A y C y en haber usado números y signos arábigos en relación con la finca C. Veamos si estos defectos tienen el carácter de subsanables.

Dispone el artículo 65 de la Ley Hipotecaria, según fué enmendado por la Ley número 20 de julio 9, 1936 (Leyes de ese año, Tercera Legislatura Extraordinaria, pág. 153) que:

"Serán faltas subsanables las que afecten a la validez del mismo título, sin producir necesariamente la nulidad de la obligación en él constituída.

"Los Registradores no suspenderán por defectos subsanables la inscripción, anotación o cancelación de ningún título. En la inscripción harán constar los defectos que contenga el título y en cualquier

tiempo en que se presente la documentación para subsanarlo, se hará constar la subsanación por medio de nota marginal.

"Serán faltas no subsanables las que produzcan necesariamente la nulidad de la obligación.

"Contra la calificación de defectos subsanables que hicieren los registradores podrá acudir el interesado al Tribunal Supremo para resolución definitiva. El Tribunal Supremo confirmará o revocará la resolución del registrador y éste hará lo que procediere de conformidad con dicha decisión."

Y el artículo 9, inciso 1 de dicha ley, en lo pertinente, dispone que "Toda inscripción que se haga en el Registro expresará las circunstancias siguientes: 1. La naturaleza, situación y linderos de los inmuebles objeto de la inscripción . . .", disponiendo el artículo 63, inciso 3, del Reglamento para la Ejecución de la Ley Hipotecaria que "Para dar a conocer con exactitud las fincas y los derechos que sean objeto de las inscripciones, ejercitarán los Registradores lo dispuesto en el artículo 9 de la ley, con sujeción a las reglas siguientes: Tercero: La situación de las fincas *urbanas* se determinará expresando el pueblo en que se hallen; el *nombre de la calle* o lugar; el número si lo tuvieren . . . los *linderos* y cualquiera otra circunstancia que sirva para distinguir la finca inscrita de otra." (Bastardillas nuestras.)

En la escritura número veintiséis, supra, objeto de inscripción, se describió la finca A en esta forma:

"A. Urbana: Solar situado en la acera Norte de la calle del 'General Maceo', de esta ciudad de Utuado, midiendo doce metros de frente por veinte metros de fondo, o sea una superficie de doscientos cuarenta metros cuadrados, lindando al Norte o espaldas con tierras de las hermanas Rosselló-Casalduc; al Este o izquierda con casa de don Federico M. Maestre; y al Oeste o derecha con casa y solar de los señores Cuétara Hermanos, hoy doña María del Pilar Casalduc."

Con esta descripción aparece inscrita la finca en el Registro de la Propiedad de Utuado desde su inscripción primera. Técnicamente el Registrador tiene razón al decir que en dicha descripción no se menciona expresamente la colindancia

"Sur" de la finca, pero a poco que examinemos la descripción nos damos cuenta de que, si se dice en ella que la finca está situada en la acera Norte de la calle General Maceo y se da la colindancia Norte como a espaldas de la finca, tenemos que concluir inevitablemente que la colindancia Sur no es otra que la propia calle General Maceo. A diferencia del inciso 2 del artículo 63, supra, que al referirse a fincas *rústicas* requiere que sus linderos se den "por los cuatro puntos cardinales",(²) el inciso 3 al referirse a fincas *urbanas* no contiene dicho requisito limitándose a exigir que se den los linderos y dando el nombre de la calle y el número si lo tuviera.

Somos de opinión que la finca marcada con la letra A está debidamente identificada e individualizada, ya que en la escritura se describió tal y como existe ya inscrita en el Registro. No existe el defecto señalado por el recurrido.

En cuanto al defecto de no hacerse constar en la escritura y en relación con las fincas B y C la reserva usufructuaria a favor del cónyuge viudo Juan Luis Roselló y Sintes, arguye la recurrente que dicho cónyuge supérstite renunció la cuota vidual a favor de sus hijas según aparece de la inscripción primera y tercera de dichas fincas.

Es cierto que en dichas inscripciones aparece que al realizarse la liquidación y adjudicación de los bienes relictos de doña Carmen Altagracia Sasalduc y Colón, se adjudicaron a sus hijas, como únicas herederas, dichas fincas, haciéndose constar que el cónyuge viudo Juan Luis Roselló y Sintes había renunciado la cuota vidual a favor de sus hijas, pero no es menos cierto que de las mismas inscripciones aparece que dichas herederas hicieron constar que "quieren y consienten que su referido y legítimo padre Roselló y Sintes, sea el único administrador de los bienes mencionados . . . y *usufructuario de los mismos durante su vida, interesando que*

(²)Véase *Jiménez v. Registrador,* 24 D.P.R. 617; *Municipio de Salinas v. Registrador,* 52 D.P.R. 79.

*así se haga constar en el Registro."* (Bastardillas nuestras.) Y en efecto al inscribir el Registrador estas fincas en el año 1923 hizo constar que inscribía el dominio a favor de las hijas "con la reserva del usufructo en favor de Juan Luis Roselló y Sintes".

De manera que, no tenemos duda de que al inscribirse ahora la escritura de compraventa, en relación con las fincas B y C, procedía hacer constar que en dicha escritura no se hace la reserva del usufructo que las hijas de don Juan Luis Roselló y Sintes cedieron sobre todos los bienes que heredaron de su señora madre. No constituye, sin embargo, dicho usufructo "la cuota usufructuaria que en su día pueda corresponderle al cónyuge viudo supérstite" según hizo constar, como defecto subsanable, el registrador recurrido.

Erró, por tanto el Registrador en cuanto a la forma en que señaló este defecto.

██ Arguye la recurrente que el uso de las iniciales F. H. antes del nombre del doctor Carrasquillo, no constituye el haber usado una abreviatura. Desde luego que no tiene razón la recurrente, ya que la palabra abreviatura significa la "representación de las palabras en la escritura con sólo varias o una de sus letras, empleando a veces únicamente mayúsculas y poniendo punto después de la parte escrita de cada vocablo" —Diccionario de la Lengua Española, de la Real Academia Española (16 ed. 1939)—empero creemos que tampoco estuvo justificado el Registrador al calificar como defecto subsanable el uso de dichas abreviaturas o el que se usaran números y signos arábigos en la escritura, por la razón obvia de que dichas faltas no tienen el carácter de defectos subsanables ya que no afectan la validez del título como dispone el artículo 65 de la Ley Hipotecaria, supra. Constituyen, a lo sumo, irregularidades en la redacción de la escritura.

*Debe revocarse la nota recurrida y ordenarse al registrador que inscriba el documento con el único defecto subsana-*

858

*ble de no haberse hecho constar, en cuanto a las fincas B y C, "la reserva del usufructo en favor de don Juan Luis Roselló y Sintes."*